**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| Ramiro Gomez, Jr. | : | Civil Action No.: |
| Plaintiff, | : | |
| against | : | **COMPLAINT** |
| Design Within Reach, Inc. | : | JURY TRIAL DEMANDED |
| Defendant(s). | : | |

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Ramiro Gomez, Jr. ("Plaintiff" or "Gomez"), by and through its attorneys, Cozen O'Connor, for its Complaint against defendant Design Within Reach, Inc. ("Defendant" or "DWR"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Gomez brings this action seeking injunctive and monetary relief for DWR's intentional infringement of Gomez's copyright in his artwork entitled "Paul Smith Store, Los Angeles" (the "Copyrighted Work").

2. Gomez is well-known Hispanic artist whose unique and distinctive style of art focuses on making domestic workers and day workers visible in environments frequented by wealthy elites. Gomez's works have been featured in *The New York Times Magazine*, *The Los Angeles Times*, *The Washington Post*, *The Atlantic*, *The New Yorker* and others. In addition, Gomez's works have been exhibited at the Smithsonian National Portrait Gallery, LACMA, Denver Art Museum, MFA Houston, Nerman Museum of Contemporary Art, Torrance Art Museum, Cornell Fine Arts Museum, MCA San Diego and Museum of Latin American Art.

3. In or about November 2015, Gomez created the Copyrighted Work. As a result, Gomez is the owner of all copyright rights in the Copyrighted Work. Since creation of the Copyrighted Work, Gomez has distributed, publicly displayed, and sold copies of the Copyrighted Work in the United States. Gomez owns a federal registration for the Copyrighted Work, which issued on September 28, 2017.

4. All of the claims asserted herein arise out of and are based on DWR's copying, distribution and public display of a product catalog that features an identical copy of the Copyrighted Work on the catalog's front cover as well inside the catalog. Gomez brings this action for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

5. Gomez seeks all remedies afforded by the Copyright Act, including injunctive relief, Gomez's damages and DWR's profits from DWR's willfully infringing conduct, and other monetary relief as well as attorneys' fees.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1400(a) because Design Within Reach may be found in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district and/or 28 U.S.C. § 1391(b)(2), because a substantial part of property that is the subject of the action is situated in this district.

**PARTIES**

8. Gomez is an individual citizen of the United States who resides in West Hollywood, California.

9. Upon information and belief, DWR is a Delaware corporation with a principal place of business at 711 Canal Street, 3rd Floor, Stamford, Connecticut 06902. DWR manufactures, advertises and sells furniture, lighting and home accessories through its retail stores, website and print catalogs.

**FACTS**

A.  Gomez and his Copyrighted Work

10. Gomez was born in San Bernadino, California in 1986 and is the son of undocumented Mexican immigrants, who have since become American citizens.

11. Gomez briefly attended the California Institute for the Arts before becoming a live-in nanny for wealthy families in the West Hollywood and Laurel Canyon neighborhoods of Los Angeles. During his time as a nanny, Gomez noticed the complex interpersonal and class dynamics between the wealthy elite and their domestic staff.

12. While working as a nanny in West Hollywood, Gomez began creating art from torn out pages of luxury home lifestyle magazines that he found lying around. On the torn out pages, he drew or painted images of day laborers and domestic workers who maintained the opulent spaces featured in these magazines. The message of Gomez's art is to show the unseen and often forgotten laborers.

13. In or about November 2015, inspired by work as a nanny, Gomez created the Copyrighted Work. The Copyrighted Work is a painting of the Paul Smith retail store in Los

Angeles featuring a landscaper using a backpack leaf blower.  A representation of the Copyrighted Work is as follows:



14. Gomez, through his gallery, has sold both a 72x72 painting of the Copyrighted Work as well as identical 30x30 print versions.

15. Gomez owns any and all copyright rights in the Copyrighted Work.

16. Gomez is the owner of valid and subsisting United States Copyright Registration No. VA0002069500 for the Copyrighted Work, issued by the United States Copyright Office on

September 28, 2017. Attached as Exhibit 1 is a true and correct copy of the copyright registration certificate.

17. The Copyrighted Work is wholly original, and Gomez is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

B. DWR's Infringing Conduct

18. On information and belief, DWR is engaged in manufacture, marketing and sale of furniture, lighting and home accessories. DWR markets and sells its products through retail stores, its online website and print catalogs.

19. The October 2017 issue of DWR's product catalog prominently featured an identical copy of the Copyrighted Work on the front cover (the "Infringing Work").

The Infringing Work is depicted below:



In addition to the catalog cover, Gomez's Copyrighted work also appears in partial form on the inside of the Infringing Work as depicted below:



20. On information and belief, the Infringing Work has been distributed over one million customers throughout the United States via mail as well as at DWR's retail stores.

21. Given that the Infringing Work contains an identical copy of the Copyrighted Work, DWR obtained, had access to or otherwise viewed the Copyrighted Work, and intentionally copied the Copyrighted Work to create the Infringing Work. That DWR copied the Copyrighted Work when it created the Infringing Work is evidenced by the fact that the Copyrighted Work and the Infringing Work are identical, which cannot possibly be explained other than as a result of copying.

22. DWR copied the Copyrighted Work without Gomez's authorization, consent, or knowledge, and without any remuneration to Gomez.

23. As can be seen from viewing and comparing the Copyrighted Work and the Infringing Work, the Infringing Work is identical to the Copyrighted Work. Specifically, the Infringing Work features an exact copy of the Copyrighted Work. Accordingly, he Infringing Work is substantially similar to and virtually indistinguishable from the Copyrighted Work.

24.     Since DWR copied the Copyrighted Work to create the Infringing Work, it has distributed the Infringing Work to customers and potential customers throughout the United States.

25.     As a result of DWR's actions described above, Gomez has been directly damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Work.  DWR has never accounted to or otherwise paid Gomez for its use of the Copyrighted Work.

26.     DWR's infringement is particularly damaging and harmful to Gomez because displaying the Copyrighted Work in a catalog of featuring upscale home products for wealthy consumers in completely antithetical to Gomez's mission and message.  As such, not only has Gomez suffered financial damage due to DWR's infringing conduct but he has also suffered damage to his reputation.

27.     On September 29, 2017, Gomez's counsel sent a cease and desist letter to DWR objecting to DWR's copying, distributing, and publicly displaying  of the Infringing Work.

28.     DWR's acts have caused and are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Gomez for which Gomez has no adequate remedy at law.

## COUNT I

### (Copyright Infringement)

29.     Gomez repeats and re-alleges paragraphs 1 through 28 hereof, as if fully set forth herein.

30.     The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et*

8

*seq*. Gomez is the exclusive owner of rights under copyright in and to the Copyrighted Work. Gomez owns a valid copyright registration for the Copyrighted Work, attached as Exhibit 1.

31.     Through DWR's conduct alleged herein, including DWR's reproduction, distribution and public display of the Infringing Work, which is copied from and substantially similar to Gomez's Copyrighted Work, without Gomez's permission, DWR has directly infringed Gomez's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

32.     On information and belief, DWR's infringing conduct alleged herein was willful and with full knowledge of Gomez's rights in the Copyrighted Work, and has enabled DWR illegally to obtain profit therefrom.

33.     As a direct and proximate result of DWR's infringing conduct alleged herein, Gomez has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Gomez is also entitled to recovery of DWR's profits attributable to DWR's infringing conduct alleged herein, including from any and all sales resulting from the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

34.     Gomez is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35.     As a direct and proximate result of the DWR's infringing conduct alleged herein, Gomez has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless DWR's infringing conduct is enjoined by this Court, DWR will continue to infringe the Copyrighted Work. Gomez therefore is entitled to permanent injunctive relief restraining and enjoining DWR's infringing conduct.

WHEREFORE, Gomez requests judgment against DWR as follows:

A.  That DWR has violated Sections 501 of the Copyright Act (17 U.S.C. § 501).

B.  Granting an injunction permanently enjoining the DWR, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

> i.  manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;
>
> ii.  reproducing, distributing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Gomez's rights in its Copyrighted Work;
>
> iii.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (ii) or (ii).

C.  That DWR be ordered to provide an accounting of DWR's profits attributable to DWR's infringing conduct, including DWR's profits from sales of products featured in the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

D.  That DWR be ordered to destroy or deliver up for destruction all materials in DWR's possession, custody, or control used by DWR in connection with DWR infringing conduct, including without limitation all remaining copies of the Infringing Work and any

products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

  E. That DWR, at its own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that DWR be ordered to destroy or deliver up for destruction all materials returned to it.

  F. Declaring that DWR's infringement was willful within the meaning of 17 U.S.C. § 504.

  G. Awarding Gomez:

  i. DWR's profits obtained as a result of DWR's infringing conduct, including but not limited to all profits attributable to the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

  ii. damages sustained by Gomez as a result of DWR's infringing conduct, in an amount to be proven at trial;

  iii. Gomez's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

  iv. Awarding Gomez interest, including pre-judgment and post-judgment interest, on the foregoing sums.

  H. Awarding pre- and post-judgment interest on any monetary award.

  I. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Gomez hereby demands a jury trial on all issues triable by jury.


Dated:  August 22, 2018               By:         /s/ David B. Sunshine
                                                   David B. Sunshine (DS 0973)
                                                   **COZEN O'CONNOR, P.C.**
                                                   277 Park Avenue
                                                   New York, New York 10172
                                                   (212) 883-4900

                                              *Attorneys for Plaintiff Ramiro Gomez, Jr.*